IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **QUNICY SIMS,**<br><br>Petitioner,<br><br>v.<br><br>**M.D. BITER, Warden,**<br><br>Respondent. | Case No. 1:16-cv-00668 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 11]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Maria Chan, of the Office of the Attorney General for the State of California.

**I.     Background**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, upon being convicted on three counts of lewd acts upon a child. (Mot. to Dismiss, Ex. 1, ECF No. 11-1 at 33.) On November 2, 2010, Petitioner was sentenced to a determinate prison sentence of twenty-five years. Id. In 2006, Petitioner was convicted of an in-prison offense for indecent exposure and sentenced to additional four years to be served consecutively. (Id. at 35.)

On January 5, 2015, Petitioner filed a state court petition in the Kern County Superior Court in which he challenged his fifteen percent credit earning status, alleging that he is entitled to twenty percent credit earning status. (Mot. to Dismiss, Ex. 1.) He also challenged the fact that he forfeited credits for disciplinary behavior on the grounds that state law does not permit such forfeiture. (Id.)

On March 27, 2015, the superior court denied the petition. (Id., Ex. 2.) The court found that in 1996, Petitioner was convicted of three counts of lewd and lascivious acts, namely, forcible oral copulation of a child under fourteen years old. Because these are serious or violent felonies under the California Penal Code section 667.5(c)(5), the court found that the convictions limit Petitioners' accrual of conduct credits to fifteen percent under Penal Code section 2933.1(b). (Id.) The court also noted that in 2006 Petitioner was convicted of indecent exposure while in prison. He was sentenced to four years to be served consecutive to the 1996 sentence. (Id.) The court found that the 2006 conviction permits accrual of the conduct credits at twenty percent. (Id.) Finally, the court found that "there is no authority that no matter how many rules violation an inmate accrues, he cannot have his conduct credits taken away." (Id.) The court concluded that "Petitioner has numerous rules violations which delay his earliest possible release date." (Id.)

On January 11, 2016, Petitioner filed a petition in the California Supreme Court raising the same claims he raised in the superior court. (Mot. to Dismiss, Ex. 3.) The California Supreme Court summarily denied the Petition. (Id., Ex. 4.)

On May 12, 2016, Petitioner filed the instant petition requesting this Court grant him the appropriate credit earning status in accordance with alleged conviction as a second strike offender, which would allow the maximum credit earning of 20%. (Pet., p. 16.) In addition, Petitioner requests all of his good time credits be restored. (Id.)

On July 13, 2016, Respondent filed a motion to dismiss asserting that Petitioner has not presented federally cognizable claims. (ECF No. 11.) Petitioner filed an opposition to the motion on August 5, 2016. (ECF No. 12.) Accordingly, the matter

stands ready for adjudication.

## II. Discussion

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

### B. Legal Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in

state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### C.    Petitioner Presents No Federal Question

Here, Petitioner does not specifically identify a federal question. He asserts that the state courts misapplied the rate to which he was entitled to earn credits, but did not provide any support to controlling legal authority as to why the claims were in violation of federal law.

A claim of state sentencing error does not raise a federal constitutional question. Lewis v. Jeffers, 497 U.S. 764, 783, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990). The Ninth Circuit has refused to consider state law errors in the application of state sentencing law. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989) (refusing to examine state's determination that a prior was a serious felony); Johnson v. Arizona, 462 F.2d 1352, 1353-54 (9th Cir. 1972) (rules of sentencing adopted by state court do not raise constitutional issues which may be reached by habeas corpus); Adams v. Eyman, 418 F.2d 911 (9th Cir. 1969); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967). Therefore, to the extent that Petitioner claims that there was a violation of California law relating to sentencing, he does not state a cognizable federal question. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

In his opposition, Petitioner claims that the state court decisions violated his federal Due Process rights. (Opp'n, ECF No. 11.) "As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we

ask whether the procedures followed by the State were constitutionally sufficient. Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011); Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989).

California has not created a protected liberty interest in earning credits for work. See California Penal Code § 2933(c) ("Credit is a privilege, not a right"); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a constitutionally protected liberty interest"). Because Petitioner has no constitutionally protected liberty interest in earning work time credit, an allegation that he is being deprived of the opportunity to earn such credit cannot form a basis for habeas corpus relief.

In order to state a due process claim, Petitioner must show that a constitutionally protected liberty interest is implicated. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 844 (9th Cir. 1985). A state may create a constitutionally protected liberty interest if it establishes regulatory measures that impose substantive limitations on the exercise of official discretion. Hewitt v. Helms, 459 U.S. 460, 470-72, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983), overruled in part by Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

However, a state prisoner does not have a liberty interest in a classification status under the Fourteenth Amendment. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987); see Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (Due Process Clause not implicated by federal prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss").

Petitioner simply has no constitutional right to a particular classification or to earn credits. Because Petitioner has not shown a violation of the Federal Constitution, petitioner is not entitled to habeas corpus relief. See 28 U.S.C. § 2254 (habeas corpus available for violations of the Constitution or federal law.) Therefore the state court's denial of Petitioner's due process claim was neither contrary to, nor an unreasonable application of, clearly established law. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at

412-13.

## III. Conclusion

In sum, Petitioner has not presented cognizable claims. Further, to the extent that this Court construed Petitioner's claims as potentially cognizable claims, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established law. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 412-13. The Court therefore recommends that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed.

## IV. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to state a federally cognizable claim be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: August 30, 2016            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE